UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MATTHEW COBB, | CIV. 09-4110 |
| Plaintiff, | |
| vs. | ORDER |
| STANLEY KNODE, Correctional Officer, SDSP; | Motion for Counsel (Doc. 9) |
| R. ARNETT, CO, SDSP Visit Room; | Motion for Default Judgment (Doc. 52) |
| MARCI HARVISON, CO, SDSP Visit Room; | Motion for Protective Order (Doc. 71) |
| ROBERT KUEMPER, Associate Warden, SDSP; | Motion for Stay of Discovery (Doc. 71) |
| TOM LINNEWEBER, Major, Officer-in-Charge of Special Security; DOUG LOEN, attorney, SDSP Legal Counsel; AL MADSEN, Unit Manager; SDSP; K. WRIGHT, CO, SDSP Visit Room; DOUGLAS WEBER, Warden, SDSP; TIM REISCH, DOC Secretary of Corrections; MARK BIDNE, paralegal, SDSP; DELMAR WALTER, attorney, SDSP; | Motion for Hearing, to Proceed as Hardship & to Withdraw Motion for Default (Doc. 77) |
| Defendants. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending are several motions in the above-captioned matter. Also pending is Plaintiff's Motion for Preliminary Injunction (Doc. 60). That motion will be the subject of a separate Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

Plaintiff, an inmate at the South Dakota State Penitentiary (SDSP) filed a *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983. In his Complaint, he alleges Defendants retaliated against him a result of his complaints about racial discrimination which he alleges occurred in connection with his visiting privileges with his mother and half-sister. Plaintiff alleges his visiting privileges with his mother and half-sister have been suspended and that Defendants have fabricated charges of inappropriate conduct by him and his mother, all because Defendant's half-sister is part black.

Plaintiff claims: (1) he has been denied access to the Courts in violation of the First and Fourteenth Amendment because prison officials have refused to assist him with his legal claims; (2) because his half-sister is part black, the Defendants have discriminated against him, in violation of the Equal Protection Clause and the Eighth, Ninth and Fourteenth Amendments; (3) Defendants have terminated his visits with his mother and half-sister for reasons which are false, unsubstantiated and racially motivated, in violation of Plaintiff's right to privacy, free association and equal protection as guaranteed by the First, Eighth, Ninth, and Fourteenth Amendments; (4) Defendants have allowed false, libelous, discriminatory, malicious, and retaliatory reports to be placed in his permanent record where they will be used in an unfair determination of his parole eligibility, in violation of Plaintiff's due process and equal protection rights as guaranteed by the Eighth, Ninth and Fourteenth Amendments; (5) Defendants have allowed grievances to be filed contrary to DOC policy, cruelly denying Plaintiff due process as guaranteed by the Eighth and Fourteenth Amendments; (6) Defendants have allowed arbitrary, retaliatory disciplinary reports to be issued which will remain on Plaintiff's permanent record and will be used to determine his parole eligibility, cruelly denying him due process and equal protection as guaranteed by the Eighth and Fourteenth Amendments; (7) Defendants have ignored his requests to preserve for use as evidence in this litigation video tapes of his visits where inappropriate attire or conduct have been alleged, cruelly denying him due process and equal protection as guaranteed by the Eighth and Fourteenth Amendments.

In support of his Complaint, Plaintiff provided the Court with his own Affidavit, as well as Affidavits from his mother (Susan Cobb) and his girlfriend (Nicole Campbell).

Plaintiff seeks injunctive relief in the form of a declaration by the Court that Defendant's actions are unconstitutional. He also seeks an Order to provide Plaintiff with copies of reports alleging impropriety by him and disciplinary reports and expunging said reports from his record, preserving relevant video recordings and reinstating his visiting privileges with his mother. Plaintiff also seeks monetary damages in the amount of $10,000 each from Defendants Knode and Harvison and for reimbursement for costs and fees.

**DISCUSSION**

1.      **Plaintiff's Motion for Appointment of Counsel (Doc. 9)**

Plaintiff has moved for appointment of counsel to assist him with his claims. He requests counsel because he asserts the DOC contract attorney refuses to assist him with legal research, and Plaintiff "has no legal knowledge, education, no experience . . ." It is noted, however, that Plaintiff has prepared a coherent Complaint and assembled three supporting affidavits, complete with relevant attachments. It is also noted that Defendants have represented to the Court that because Plaintiff has named the DOC contract legal personnel in his lawsuit, it has made arrangements for outside legal assistance for Plaintiff from attorney Jason Adams. *See* Doc. 67, p. 6.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." [Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995)](#) *abrogated on other grounds by* [Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005)](#). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.*" [Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)](#).

This case is not factually complex. Plaintiff alleges his equal protection and due process rights have been denied and that he has been retaliated against because he complained about unfair treatment regarding his visiting privileges. He has already prepared a Complaint and supporting affidavits on his own behalf.

This case is not legally complex. "The first step in an equal protection case is determining whether the plaintiff has demonstrated that [he] was treated differently than others who were similarly situated to [him]" [Klinger v. Dept. of Corrections, 31 F.3d 727, 731 (8th Cir. 1994)](#). If the conduct neither burdens a fundamental right nor targets a suspect class it must merely bear a rational relation to a legitimate end. [Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998)](#). When

the conduct employs a classification based on a suspect class,[1] a heightened review standard applies. *Roubideaux v. North Dakota Dept. of Corrections*, 570 F.3d 966, 974 (8th Cir. 2009). The heightened review requires a showing that "classifications serve important governmental objectives and the statute in question is substantially related to the achievement of those objectives."

"To prevail on a claim of retaliation, a prisoner must show 1) he engaged in protected expression 2) he suffered adverse action, and 3) the adverse action was causally related to the protected expression." *Norman v. Schuetzle*, 585 F.3d F.3d 1097, 1118 (8th Cir. 2009).

Like all individuals untrained in the law, plaintiff may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter at this time. The court would not benefit from the assistance of counsel at this point in the proceedings. Plaintiff, although incarcerated, is able to investigate the facts of his claim. It is not clear at the present time whether there will be conflicting testimony in this case. The legal issues involved do not appear to be legally complex at this point in the proceedings. Considering all the relevant factors, as discussed above, and upon the record to-date, Plaintiff's motion for appointment of counsel (Doc. 9) is **DENIED** without prejudice.

2.  **Plaintiff's Motion for Default Judgment as to Robert Kuemper (Doc. 52)**

Plaintiff moved for a default judgment against Defendant Kuemper because Plaintiff believed Kuemper had been served but failed to answer within thirty days. Thereafter, Defendant Kuemper did file an Answer to the Complaint on October 28, 2009. (Doc. 61). Plaintiff has now asked to withdraw his Motion for Default. (Doc. 77). Plaintiff's Motion for Default (Doc. 52) is therefore **DENIED** as moot.

---

[1] Suspect classes include race, alienage, gender, or national origin. *See Knapp v. Hanson,* 183 F.3d 786, 789 (8th Cir. 1999).

### 3. Defendant's Motion for Protective Order and Stay of Discovery (Doc. 71)

Defendants assert the Court should enter a protective order providing all discovery in the case be stayed until such time as a ruling is made on their yet unfiled motion for summary judgment regarding qualified immunity. "Prison officials may rely on the defense of qualified immunity to protect them from liability for civil damages." *Hayes v. Long*, 72 F.3d 70, 72 (8th Cir. 1996) (citations omitted). Qualified immunity provides "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Indeed . . .even such pretrial matters such as discovery are to be avoided if possible, as inquiries of this kind can be particularly disruptive of effective government.." *Id.* Qualified immunity is intended to protect public officials from disruptive, broad-ranging discovery. However, "[i]n some circumstances limited discovery may be required to resolve the qualified immunity question." *Technical Ordinance, Inc. v. United States*, 244 F.3d 641, 647 (8th Cir. 2001) (citations omitted). Also, qualified immunity does *not* shield a public official from suit for *injunctive* relief. *Burnham v. Ianni*, 119 F.3d 668, 673, n.7 and cases cited therein (8th Cir. 1997).

In this case, the Plaintiff's Complaint (Doc. 1) which is discussed above, requests both money damages and injunctive relief. Even if the Defendants' qualified immunity defense defeats the claim for money damages, therefore, the claim for injunctive relief must still be determined on the merits. Accordingly, the Motion for Protective Order and Stay of Discovery (Doc. 71) is **DENIED**.

### 4. Plaintiff's Motion for Hearing, To Withdraw Motion for Default, and To Proceed under "Hardship" (Doc. 77)

Plaintiff has filed a Motion (1) for a hearing to decide the pending motions; (2) to withdraw his previous motion for default; and (3) to proceed under "hardship." (Doc. 77). The motion will be **GRANTED** in part and **DENIED** in part as follows: The pending motions may be determined on the basis of the parties' written submissions without a hearing. Plaintiff's Motion is **DENIED** as to his request for a hearing. The Plaintiff's Motion for Default Judgment (Doc. 52) has already been disposed of in ¶ 2 above. Plaintiff's Motion is **GRANTED** as to the his request to withdraw the

Motion for Default. It is not entirely clear what Plaintiff means by "proceeding under hardship." He does, however refer to his half-sister's failing health and his desire to have his visiting privileges with her reinstated. The Court understands this request as a request to expedite these proceedings. An expedited Scheduling Order is being entered on this same date. Plaintiff's Motion, as it is understood to request an expedited Scheduling Order, is **GRANTED**.

## **CONCLUSION and ORDER**

For the reasons more fully explained above, it is hereby ORDERED:

1. Plaintiff's Motion for Appointment of Counsel (Doc. 9) is DENIED without prejudice;
2. Plaintiff's Motion For Default Judgment as to Robert Kuemper (Doc. 52) is DENIED as moot;
3. Defendants' Motion for Protective Order and Stay of Discovery (Doc. 71) is DENIED;
4. Plaintiff's Motion for Hearing, to Withdraw Motion for Default, and to Proceed under Hardship (Doc. 77) is GRANTED in part and DENIED in part as follows: Motion for Hearing is DENIED, Motion to Withdraw Default is GRANTED, Motion to Proceed under Hardship is GRANTED as to expedited Scheduling Order, which is entered this date.

Dated this 26th day of March, 2010.

BY THE COURT:

s/John E. Simko

John E. Simko
United States Magistrate Judge